**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:20-cv-03631

GABRIELLA GARITANO, individually and on behalf of all
similarly situated persons,

    Plaintiff,

v.

CHICK-FIL-A, INC., a Georgia corporation,

    Defendant.

---

**DEFENDANT'S NOTICE OF REMOVAL**

---

**TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

PLEASE TAKE NOTICE THAT, pursuant to the Class Action Fairness Act ("CAFA"), Defendant Chick-fil-A, Inc. ("Defendant" or "CFA, Inc.") respectfully removes the above-captioned action, which was originally filed as Docket No. 2020CV31906 in the District Court, El Paso County, Colorado (the "State Court Action"), to the United States District Court for the District of Colorado. Removal is proper on the following grounds:

**I.   BACKGROUND**

1. On October 25, 2020, Plaintiff Gabriella Garitano ("Garitano") filed the State Court Action. According to the Complaint, a copy of which is attached as Exhibit A, Garitano is a resident of the state of Colorado. (Compl. ¶ 2.)

2. The Complaint names CFA, Inc. as the sole Defendant. CFA, Inc. is a Georgia corporation, and its principal place of business is located at 5200 Buffington Road, Atlanta, Georgia 30349. (*Id.* ¶ 3.)

3. CFA, Inc. is the franchisor of a system of quick-service chicken restaurants located throughout the United States. The thrust of the Complaint is that CFA, Inc. allegedly "employed" Garitano and allegedly failed to provide her with meal and rest breaks required under Colorado law. (*Id.* ¶¶ 7-9.) CFA, Inc., however, never employed Garitano. Rather, Garitano was employed by an independent franchised business owner or owners ("Operators").[1] In fact, of the 54 Chick-fil-A brand restaurant businesses in Colorado, currently, only two are operated by CFA, Inc., while 50 are owned and operated by independent franchised Operators and two are operated by independent food service providers pursuant to license agreements ("Licensees") as part of a separate franchise program. The locations of these Chick-fil-A brand restaurants in Colorado and the identity of the separate corporate entities that independently own and operate the restaurant businesses at these locations are reflected in public records, including on the Colorado Secretary of State's website.

4. Although CFA, Inc. has never been Garitano's employer, Garitano asserts the following causes of action against CFA, Inc.: (i) a violation of the Colorado Wage Claim Act, Colo. Rev. Stat. § 8-4-101 *et seq.*, (ii) a violation of the Colorado Minimum Wage Act, *id.* § 8-6-101 *et seq.*, and (iii) Civil Theft, *id.* § 18-4-405. (Compl. ¶¶ 12-30.)

---

[1] Pursuant to a franchise agreement, franchisees are solely responsible for the operation of their restaurant businesses, including, but not limited to, the hiring, managing, discipline, treatment, payment and termination of any and all restaurant employees.

5.      Similarly, even though only two Chick-fil-A brand restaurant businesses in Colorado are operated by CFA, Inc., Garitano alleges her claims against CFA, Inc. on behalf of a putative class of all persons who worked at any Chick-fil-A brand restaurant business in Colorado. (*Id.* ¶ 10.)

## II.    JURISDICTION UNDER CAFA

6.      This Court has original jurisdiction over this putative class action under CAFA, codified in pertinent part at 28 U.S.C. §§ 1332(d) and 1453(b), because, solely for removal purposes: (i) the number of members of the putative class in the aggregate is at least 100, (ii) the citizenship of at least one proposed class member is diverse from that of at least one defendant (in this case, the only named defendant), and (iii) the purported amount in controversy exceeds $5 million, exclusive of interest and costs.

### A.    The putative class consists of at least 100 members.

7.      CAFA requires that the number of members of all proposed classes in the aggregate be at least 100. 28 U.S.C. § 1332(d)(5)(B).

8.      Garitano alleges that the putative class consists of hourly employees who worked at Chick-fil-A restaurants in Colorado within the statute of limitations. (Compl. ¶ 10.) Although CFA, Inc. disputes that it employed Garitano or the hourly employees employed solely by the independent franchised Operators and Licensees operating the majority of Chick-fil-A brand restaurant businesses in Colorado, for removal purposes, CFA, Inc. currently owns and operates two Chick-fil-A restaurant locations in Colorado. At each of these two CFA, Inc.-operated

locations, CFA, Inc. has more than 60 hourly employees.[2] Thus, during the past three years, CFA, Inc. has employed more than 100 employees at these two Colorado locations alone.[3]

9. Based on the number of employees in the two Colorado restaurant locations that CFA, Inc. currently operates and given that there are 52 additional Chick-fil-A brand restaurant businesses in Colorado that are operated by independent franchised Operators and Licensees, assuming *arguendo* for purposes of removal only that Garitano's allegations regarding employment by CFA, Inc. of employees at Chick-fil-A brand restaurants in Colorado were true (which CFA, Inc. denies), there are more than 100 employees alleged by Garitano to be part of the putative class she seeks to represent.

10. Because this putative class consists of at least 100 proposed members, the requirement of 28 U.S.C. § 1332(d)(5)(B) is satisfied.

### B. The citizenship of at least one putative class member is different from the citizenship of at least one Defendant.

11. Under CAFA, federal district courts "shall have original jurisdiction of any civil action in which the matter . . . is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant[.]" 28 U.S.C. § 1332(d)(2)(A).

---

[2] Technically, since January 1, 2020, the hourly Team Members working in the CFA, Inc.-operated restaurants have been employed by COR Restaurant Services, LLC, a wholly owned subsidiary of CFA, Inc. and a Georgia corporation.

[3] Further, assuming *arguendo* for purposes of CAFA removal only that, as alleged in the Complaint, CFA, Inc. were the employer of the hourly employees at other Chick-fil-A brand restaurants in the State of Colorado (which CFA, Inc. denies), and assuming that a class action could be certified based on the facts alleged here (which CFA, Inc. also denies), there are approximately 54 Chick-fil-A brand restaurants operating in Colorado.

12. A corporation is a citizen of "every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]" *Id.* § 1332(c)(1).

13. CFA, Inc. is incorporated in the State of Georgia and has its principal place of business at 5200 Buffington Road, Atlanta, Georgia 30349 (constituting the location of the Company's center of direction, control, and coordination, *i.e.*, its "nerve center"). (*See* Compl. ¶ 3.) Thus, CFA, Inc. is a citizen of Georgia.

14. Garitano is a citizen of the State of Colorado, and she alleges in her Complaint that she was employed by CFA, Inc. in Colorado. (Compl. ¶ 2.)

15. Accordingly, the minimal diversity requirement of 28 U.S.C. § 1332(d)(2)(A) is satisfied because there is diversity of citizenship between Garitano and CFA, Inc.

**C.   The amount in controversy exceeds $5 million, exclusive of interest and costs.**

16. Under CAFA, federal district courts "shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs[.]" 28 U.S.C. § 1332(d)(2).

17. The claims of individual class members are aggregated when determining whether CAFA's $5 million jurisdictional threshold is met. *See id.* § 1332(d)(6).

18. There are 54 Chick-fil-A brand restaurant businesses in Colorado. This information can be verified based upon a review of public documents, including the Colorado Secretary of State's website.

19. Assuming for purposes of CAFA removal only, however, as alleged in the Complaint, that CFA, Inc. could be deemed an "employer" of Garitano and all other hourly

5

workers in Colorado working at Chick-fil-A brand restaurants (which CFA, Inc. denies), assuming a class action could be certified (which CFA, Inc. denies), and assuming that Garitano and the individuals in the putative class would be entitled to any recovery at all (which CFA, Inc. denies), the allegations in the Complaint, together with a review of publicly available information, indicate that the amount in controversy would exceed $5 million, exclusive of interest and costs.

20.     This is based on: (i) the number of Chick-fil-A brand restaurants in Colorado; (ii) the estimated number of hourly employees working at those restaurants during the statutory period who are within the scope of Garitano's putative class, as alleged; (iii) the estimated number of meal and rest breaks available to the putative class members, collectively, under Colorado law; (iv) the Colorado minimum wage; (v) the relevant statutory period; and (vi) the fact that, among other relief requested, Garitano seeks penalties for the violations she alleges (175% of actual damages), seeks recovery for civil theft claims (with treble damages), and seeks attorneys' fees.

21.     Assuming the foregoing, for purposes of CAFA removal only, the amount in controversy for the statutory period would exceed $5 million, exclusive of interest and costs.

22.     Because the potential amount in controversy exceeds $5 million, exclusive of interest and costs, 28 U.S.C. § 1332(d)(2) has been satisfied.

### III.    REMOVAL AND RESPONSIVE PLEADING

23.     Removal under CAFA is proper because at this time there are more than 100 members in the putative class (*see supra* ¶¶ 7–10), minimal diversity exists (*see supra* ¶¶ 11-15),

and more than $5 million dollars would be in controversy, exclusive of interest and costs (*see supra* ¶¶ 16–22).

24.     CFA, Inc. has served a copy of this Notice of Removal, including exhibits, on Garitano, through her counsel, and has filed a copy of this Notice in the State Court Action in accordance with 28 U.S.C. § 1446(d). A copy of the Notice of Filing of Notice of Removal that was filed in the State Court Action is attached as Exhibit B. A copy of the entire case file in the State Court Action is attached as Exhibit C.

25.     The Federal Rules of Civil Procedure "apply to a civil action after it is removed from a state court." Fed. R. Civ. P. 81(c)(1). Because CFA, Inc. has not answered or responded to Garitano's Complaint before removal, its answer or response is required to be filed "7 days after [this] notice of removal is filed." *Id.* 81(c)(2).

WHEREFORE, Defendant Chick-fil-A, Inc. respectfully removes the above-captioned action now pending against it in the District Court, El Paso County, Colorado, to the United States District Court for the District of Colorado.

Respectfully submitted this 11th day of December, 2020.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

*s/ Michelle B. Muhleisen*
Michelle B. Muhleisen
2000 South Colorado Boulevard
Tower Three, Suite 900
Denver, CO  80222
Telephone:  303.764.6800
Facsimile:   303.831.9246
michelle.muhleisen@ogletree.com

*Attorneys for Defendant Chick-fil-A, Inc.*

7

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of December, 2020, I electronically filed the foregoing **DEFENDANT'S NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system and served a true and accurate copy of the same upon counsel for Plaintiff by email:

Brian D. Gonzales
BGonzales@ColoradoWageLaw.com


*s/ Alison L. Shaw*
Alison L. Shaw, Paralegal