| | |
|---|---|
| DISTRICT COURT,<br>EL PASO COUNTY, COLORADO<br>270 S Tejon St,<br>Colorado Springs, CO 80903<br><br>**PLAINTIFF:** GABRIELLA GARITANO, individually and on behalf of all similarly situated persons,<br><br>**v.**<br><br>**DEFENDANT:** CHICK-FIL-A, INC., a Georgia corporation | DATE FILED: October 25, 2020 1:19 PM<br>FILING ID: 8584B7D0BB684<br>CASE NUMBER: 2020CV31906<br><br><br><br>Δ   COURT USE ONLY   Δ |
| Attorneys for Plaintiff:<br>Brian D. Gonzales, Atty. Reg. # 29775<br>THE LAW OFFICES OF BRIAN D. GONZALES, PLLC<br>2580 East Harmony Road, Suite 201<br>Fort Collins, Colorado 80528<br>Telephone: (970) 214-0562<br>BGonzales@ColoradoWageLaw.com | Case Number:<br><br><br><br><br><br>Ctrm/Div: |
| **CLASS ACTION COMPLAINT** | |

Plaintiff Gabriella Garitano, by and through undersigned counsel, individually and on behalf of all others similarly situated, files this *Class Action Complaint* against Defendant Chick-Fil-A, Inc., a Georgia corporation. ("Defendant").

## STATEMENT OF THE CASE

1.  The Colorado Wage Claim Act, §8-4-101, *et seq.* (the "Wage Claim Act") and the Colorado Minimum Wage Act, C.R.S. §8-6-101, *et seq.*, as implemented by the Colorado Minimum Wage Order and/or the Colorado Overtime and Minimum Pay Standards Order (the "Minimum Wage Act"), contain various rules regarding employee wages and working hours. Defendant violated these laws by failing to ensure that employees received all required meal and rest breaks during their shifts. This class action seeks to recover damages and backpay to compensate current and former hourly-paid employees of Defendant for these wage violations.

## PARTIES, JURISDICTION, AND VENUE

2.  Plaintiff, an individual and resident of the State of Colorado, was employed by Defendant.

EXHIBIT A

3. Defendant is a corporation organized and existing under the laws of the State of Georgia with its principal place of business located at 5200 Buffington Road, Atlanta, Georgia 30349. At all times relevant to this action, Defendant has been located in and has conducted business in the State of Colorado.

4. Venue in this Court is proper pursuant to C.R.C.P. 98 because Defendant may be found in this County.

5. This Court has jurisdiction over the parties and subject matter of this action pursuant to C.R.S. §13-1-124.

## FACTUAL BACKGROUND

6. Defendant owns and operates a nationwide chain of fast-food restaurants including numerous Colorado locations. Plaintiff was a food-service worker for Defendant paid at or slightly above the minimum hourly wage.

7. The Minimum Wage Act requires that employees be provided ten-minute rest periods in the middle of each four-hour work period or "major fractions thereof". 7 *Colo. Code Regs.* §5.3. Defendant failed to provide Plaintiff and other non-exempt employees all of their required breaks. Each time Defendant failed to provide a legally-compliant ten-minute rest break, Plaintiff and other non-exempt employees effectively were docked ten-minutes of work time for purposes of calculating their minimum hourly wages. In other words, for each missed rest break, Defendant owes Plaintiff and other non-exempt employees additional straight-time and/or overtime pay for ten-minutes of unpaid work time.

8. In addition to mandatory rest breaks, Colorado employees are "entitled" to an uninterrupted and duty-free thirty-minute meal break whenever a work shift exceeds five hours. 7 *Colo. Code Regs.* §1103-5.1. These breaks must be treated as paid worktime unless the employer satisfies certain strict statutory requirements. Although Defendant could easily have provided such breaks, Plaintiff and other non-exempt employees did not receive all required meal breaks and/or were docked for meal breaks that did not comply with the statutory prerequisites for treating a meal break as uncompensated. Each time Defendant failed to provide a legally-compliant thirty-minute meal break, Plaintiff and other non-exempt employees effectively were docked work time for purposes of calculating their minimum hourly wages. In other words, for each missed meal break, Defendant owes Plaintiff and other non-exempt employees additional straight-time and/or overtime pay for thirty-minutes of unpaid work time.

9. By failing to provide all required meal and rest breaks to its non-exempt employees, Defendant violated the Wage Claim and Minimum Wage Acts. Defendant had no legal justification for its failure to comply and, by failing to properly pay for the break time, shorted employees on their time-worked, minimum wages and compensation. *See, e.g., Lozoya v. AllPhase Landscaping Construction, Inc*., 2015 WL 1757080, *2 (D.Colo. April 15, 2015). These wages were earned by Defendant's employees, were vested when they completed work without receiving all required pay and are determinable within the meaning of the Wage Claim Act.

## CLASS ACTION ALLEGATIONS

10. This is a C.R.C.P. 23 class action on behalf of Plaintiff and a Class for which Plaintiff seeks certification. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines the class as follows:

**ALL PERSONS WHO WORKED AS HOURLY EMPLOYEES FOR DEFENDANT IN COLORADO WITHIN THE STATUTE OF LIMITATIONS.**

11. This action is properly brought as a class action for the following reasons:

   a. The Class is so numerous that joinder of all Class Members is impracticable.

   b. Numerous questions of law and fact regarding the liability of Defendant are common to the Class and predominate over any individual issues which may exist.

   c. Although the exact amount of damages may vary among Class Members, the damages for the Class Members can be easily calculated by a simple formula. The claims of all Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to all Class Members.

   d. The claims asserted by Plaintiff are typical of the claims of Class Members and the Class is readily ascertainable from Defendant's records. Plaintiff was subjected to the same rules and policies as all other workers that form the basis of the alleged violation. Defendant applied its policies (or lack thereof) to Plaintiff just as it did with all Class Members.

   e. Plaintiff will fairly and adequately protect the interests of Class Members. The interests of Class Members are coincident with, and not antagonistic to, those of Plaintiff. Plaintiff is committed to this action and has no conflict with the class members. Furthermore, Plaintiff is represented by experienced class action counsel.

   f. Questions of fact common to the members of the class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

EXHIBIT A

## FIRST CLAIM FOR RELIEF
### (Violation of the Colorado Wage Claim Act, §8-4-101, *et seq.*)

12.     Plaintiff incorporates by reference all of the above paragraphs.

13.     At all material times, Defendant has been an "employer" within the meaning of the Colorado Wage Claim Act, §8-4-101, *et seq.*

14.     At all material times, Defendant has employed "employees," including Plaintiff and Class Members, within the meaning of the Colorado Wage Claim Act, §8-4-101, *et seq.*

15.     Defendant was Plaintiff's "employer" within the meaning of the Colorado Wage Claim Act, §8-4-101, *et seq.*

16.     As a result of the foregoing conduct, as alleged, Defendant has failed to pay wages due thereby violating, and continuing to violate, the Wage Claim Act.  These violations were committed knowingly, willfully and with reckless disregard of applicable law.

17.     As a result, Plaintiff has been damaged in an amount to be determined at trial. Plaintiff hereby demands payment on behalf of Plaintiff and all Class Members in an amount equal to all earned but unpaid straight time and overtime compensation.  This demand for payment is continuing and is made on behalf of any current employees of Defendant whose employment terminates at any time in the future.  Such payment should be made in care of undersigned counsel at the listed address.

## SECOND CLAIM FOR RELIEF
### (Violation of the Colorado Minimum Wage Act, §8-6-101, *et seq.*)

18.     Plaintiff incorporates by reference all of the above paragraphs.

19.     At all relevant times, Defendant has been, and continues to be, an "employer" within the meaning of the Colorado Minimum Wage Act.

20.     At all relevant times, Defendant has employed, and continues to employ, "employees", including Plaintiff, within the meaning of the Minimum Wage Act.

21.      Plaintiff was an employee of Defendant within the meaning of the Minimum Wage Act.

22.     As a result of the foregoing conduct, as alleged, Defendant has violated, and continues to violate, the Minimum Wage Act.  These violations were committed knowingly, willfully and with reckless disregard of applicable law.

23.     As a result, Plaintiff and Class Members have been damaged in an amount to be determined at trial.

## THIRD CLAIM FOR RELIEF
### (Civil Theft, C.R.S. §18-4-405)

24.Plaintiff incorporates by reference all of the above paragraphs.

25.At all relevant times, Defendant has been, and continues to be, an "employer" within the meaning of the Colorado Minimum Wage Act.

26.At all relevant times, Defendant has employed, and continues to employ, "employees", including Plaintiff, within the meaning of the Minimum Wage Act.

27.Plaintiff was an employee of Defendant within the meaning of the Minimum Wage Act.

28.Defendant's failure to pay minimum wage under the Minimum Wage Act constitutes theft pursuant to C.R.S. §18-4-401. *See* C.R.S. §8-6-116.

29.As a result, Defendant's failure to pay minimum wage constitutes civil theft pursuant to C.R.S. §18-4-405.

30.As a result, Plaintiff and Class Members have been damaged in an amount to be determined at trial.

## JURY DEMAND

31.Plaintiff demands a trial by jury as to all issues so triable.

## DOCUMENT PRESERVATION

32.As part of discovery, Plaintiff will be requesting certain documents and information from Defendant. Please note the document preservation instructions attached hereto.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment against Defendant as follows:

1.Determining that the action is properly maintained as a class action, certifying Plaintiff as the class representative, and appointing Plaintiff's counsel as counsel for Class Members;

2.Ordering prompt notice of this litigation to all potential Class Members;

3.Awarding Plaintiff and Class Members their compensatory damages, attorneys' fees and litigation expenses as provided by law;

5

EXHIBIT A

4. Awarding Plaintiff and Class Members their pre-judgment, post-judgment and moratory interest as provided by law;

5. Awarding Plaintiff and Class Members treble damages and/or statutory penalties as provided by law; and

6. Awarding Plaintiff and Class Members such other and further relief as the Court deems just and proper.

Respectfully submitted this 23rd day of October, 2020.

*s/Brian D. Gonzales*
_____
Brian D. Gonzales
THE LAW OFFICES OF
BRIAN D. GONZALES, PLLC
2580 East Harmony Road, Suite 201
Fort Collins, Colorado  80528

*Counsel for Plaintiff*

EXHIBIT A

## **DOCUMENT PRESERVATION INSTRUCTIONS**

Plaintiff will be requesting electronic and other documentary evidence during discovery in this matter. This evidence will be of critical importance and Plaintiff wants to ensure that the types of documentary and electronic evidence that will be requested during the course of discovery are preserved.

"When a lawyer who has been retained to handle a matter learns that litigation is probable or has been commenced, the lawyer should inform the client of its duty to preserve potentially relevant documents and of the possible consequences of failing to do so." Standard 10, *Preservation of Documents, ABA Civil Discovery Standards* (Aug. 2004). This duty "applies to information stored in an electronic medium or format…" *Id*. at Standard 29.

Various kinds of electronic and documentary data will be important in this lawsuit. The information Plaintiff anticipates will be relevant includes, but is not limited to, the following:

- The portions of any database or system maintained or used that contains data relating to the hours of work, breaks and pay of Plaintiff and Class Members;

- Emails and other electronic and hard-copy documents pertaining to Defendant's break policies;

- Emails and other electronic and hard-copy documents pertaining to Defendant's reliance on department of labor authority when promulgating any break policy;

- Emails and other electronic and hard-copy documents pertaining to any audit or investigation performed by the department of labor;

- Emails and other electronic and hard-copy documents pertaining to job duties and pay of Defendant's employees, including Plaintiff;

- Emails sent and received by Plaintiff, Class Members, and their managers/supervisors;

- Emails and other electronic or hard-copy documents pertaining to Defendant's compliance with the Colorado Wage Claim Act and the Colorado Minimum Wage Act; and

- Emails and other electronic or hard-copy documents pertaining to Plaintiff and all other current or former employees.

This data, including all associated metadata, must be preserved. Therefore, Plaintiff requests that Defendant perform offline backups of any databases which contain information of the types identified above. Plaintiff also requests that Defendant perform offline backups of all

7

EXHIBIT A

current Microsoft Exchange (or other email) databases to external hard drives, preserving their native format. These backups should be done routinely from this point forward.

The laws and rules prohibiting destruction of evidence apply to electronically stored information in the same manner that they apply to other evidence. Therefore, Plaintiff requests that Defendant take every reasonable step to preserve this information until the final resolution of this matter, and discontinue all data destruction activities, including but not limited to, backup tape recycling policies, any automatic email deletion functions, and refrain from disposing of any relevant hardware or data storage. In short, Plaintiff requests that the utmost care be taken in the preservation of all relevant electronic data, including metadata.

EXHIBIT A