IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-03631-PAB-KMT

GABRIELLA GARITANO, on behalf of herself and all similarly situated persons,

     Plaintiff,

v.

CHICK-FIL-A, INC., a Georgia corporation,

     Defendant

---

## FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiff Gabriella Garitano, by and through undersigned counsel, individually and on behalf of all others similarly situated, files this *First Amended Class Action Complaint* against Defendant Chick-Fil-A, Inc., a Georgia corporation. ("Defendant").

## STATEMENT OF THE CASE

1.     The Colorado Wage Claim Act, §8-4-101, et seq. (the "Wage Claim Act") and the Colorado Minimum Wage Act, C.R.S. §8-6-101, *et seq.,* as implemented by the Colorado Minimum Wage Order and/or the Colorado Overtime and Minimum Pay Standards Order (the "Minimum Wage Act"), contain various rules regarding employee wages and working hours. Defendant violated these laws by failing to ensure that employees received all required meal and rest breaks during their shifts. This class action seeks to recover damages and backpay to compensate current and former hourly-paid employees of Defendant for these wage violations.

**PARTIES, JURISDICTION, AND VENUE**

2.      Plaintiff, an individual and resident of the State of Colorado, was employed by Defendant.

3.      Defendant is a corporation organized and existing under the laws of the State of Georgia with its principal place of business located at 5200 Buffington Road, Atlanta, Georgia 30349.  At all times relevant to this action, Defendant has been located in and has conducted business in the State of Colorado.  Defendant owns, operates and manages approximately 50 Chick-Fil-A restaurants in Colorado, including the restaurant at which Plaintiff worked. Defendant has the ability to and, in fact, does control the day-to-day operations at each of its Colorado Chick-Fil-A restaurants.  On information and belief, Defendant dictates the policies and procedures at each of its Chick-Fil-A restaurants, including policies and procedures relating to employee duties, schedules, breaks, uniforms, compensation, benefits, record-keeping, hiring, firing and discipline.  Defendant controls and/or has the ability to control the financial aspects and bookkeeping of each of its Chick-Fil-A restaurants including the purchasing of goods and compensation of employees such as Plaintiff.  Defendant benefits financially from the labor of Plaintiff and Class Members.  Defendant had the ability to and, in fact, did control the labor of Plaintiff and Class Members.  As a result, under Colorado state law, Defendant is the primary "employer" of Plaintiff and Class Members and is individually, directly, jointly and severally liable for any unpaid wages.

4.      On information and belief, Defendant runs its chain of Chick-Fil-A restaurants through a network of "operators", each of whom directly manages one Chick-Fil-A restaurant

through a "shell" entity.  Although, at first glance, this arrangement looks like a standard

franchise operation, each operator is, in fact, simply a glorified store manager who is

compensated through a small share of the restaurant's profits.  On information and belief,

Defendant covers the entire cost of opening each new Chick-Fil-A and ultimately retains

ownership of everything, e.g., all equity, real estate, equipment, inventory, etc.  As a result, on

information and belief, Chick-Fil-A takes the "lion's share" of any revenue.  On information and

belief, an operator's initial investment in a Chick-Fil-A restaurant is less than $10,000 while

owning a McDonald's – which operates under a true franchise model – might require an initial

franchisee investment approaching $2 million.

   5.  On information and belief, store operators receive extensive training from

Defendant and are required to follow Defendant's strict policies and procedures for operating the

restaurant.  On information and belief, these policies and procedures dictate all store operations

to ensure that each Chick-Fil-A restaurant is operated as desired by Defendant.  On information

and belief, these policies and procedures also govern the hiring, training, discipline, management

and compensation of the restaurant's hourly employees.  On information and belief, Defendant

requires individual store operators to contract with Defendant through a business entity but such

entities have few assets and are little more than "liability shields" for Defendant.  In fact, on

information and belief, Defendant's entire business model is designed to create the illusion of a

"hands off" franchise operation to shield it from liability while also allowing Defendant to retain

complete and total control over the operation of its Chick-Fil-A restaurants.  In other words, on

information and belief, each store operator's duties are no different than those of any general

manager of a fast food restaurant.  In fact, on information and belief, operators are required to work long hours for Defendant while physically present in the restaurant and, moreover, Defendant forbids store operators from running businesses other than their Chick-Fil-A restaurant.

6.      On information and belief, Defendant is fully aware that its Colorado restaurants do not follow Colorado's state break laws.  However, even if Defendant "turned a blind eye" to these wage violations, it remains directly liable because, as a controlling employer, it is responsible to **ensure** its employees are paid in accordance with Colorado law.  In other words, Colorado law does not permit Defendant to avoid its compliance obligations simply by inserting individuals/shell companies between it and its hourly employees and requiring them to sign the actual paychecks.  These hourly workers – like Plaintiff – are integral to Defendant's entire business and are critical to generating its revenue.

7.      Venue in this the District Court for El Paso County, Colorado is proper pursuant to C.R.C.P. 98 because Defendant may be found in that County.  Plaintiff denies that this Court is the proper venue for her claims.

8.      The District Court for El Paso County, Colorado has jurisdiction over the parties and subject matter of this action pursuant to C.R.S. §13-1-124.  Plaintiff denies that this Court has jurisdiction over her claims.

## FACTUAL BACKGROUND

9.      Defendant owns and operates a nationwide chain of fast-food restaurants including numerous Colorado locations.  Plaintiff was a food-service worker for Defendant paid at or slightly above the minimum hourly wage.

10.      The Minimum Wage Act requires that employees be provided ten-minute rest periods in the middle of each four-hour work period or "major fractions thereof".  7 *Colo. Code Regs.* §5.3.  Defendant failed to provide Plaintiff and other non-exempt employees all of their required breaks.  Each time Defendant failed to provide a legally-compliant ten-minute rest break, Plaintiff and other non-exempt employees effectively were docked ten-minutes of work time for purposes of calculating their minimum hourly wages.  In other words, for each missed rest break, Defendant owes Plaintiff and other non-exempt employees additional straight-time and/or overtime pay for ten-minutes of unpaid work time.

11.      In addition to mandatory rest breaks, Colorado employees are "entitled" to an uninterrupted and duty-free thirty-minute meal break whenever a work shift exceeds five hours. 7 *Colo. Code Regs.* §1103-5.1.  These breaks must be treated as paid worktime unless the employer satisfies certain strict statutory requirements.  Although Defendant could easily have provided such breaks, Plaintiff and other non-exempt employees did not receive all required meal breaks and/or were docked for meal breaks that did not comply with the statutory prerequisites for treating a meal break as uncompensated.  Each time Defendant failed to provide a legally-compliant thirty-minute meal break, Plaintiff and other non-exempt employees effectively were docked work time for purposes of calculating their minimum hourly wages.  In

other words, for each missed meal break, Defendant owes Plaintiff and other non-exempt employees additional straight-time and/or overtime pay for thirty-minutes of unpaid work time.

12.     By failing to provide all required meal and rest breaks to its non-exempt employees, Defendant violated the Wage Claim and Minimum Wage Acts.  Defendant had no legal justification for its failure to comply and, by failing to properly pay for the break time, shorted employees on their time-worked, minimum wages and compensation.  *See, e.g., Lozoya v. AllPhase Landscaping Construction, Inc.*, 2015 WL 1757080, *2 (D.Colo. April 15, 2015). These wages were earned by Defendant's employees, were vested when they completed work without receiving all required pay and are determinable within the meaning of the Wage Claim Act.

## CLASS ACTION ALLEGATIONS

13.     This is a C.R.C.P. 23 class action on behalf of Plaintiff and a Class for which Plaintiff seeks certification.  Pending any modifications necessitated by discovery, Plaintiff preliminarily defines the class as follows:

**ALL PERSONS WHO WORKED AS HOURLY EMPLOYEES FOR DEFENDANT IN COLORADO WITHIN THE STATUTE OF LIMITATIONS.**

14.     This action is properly brought as a class action for the following reasons:

a.     The Class is so numerous that joinder of all Class Members is impracticable.

b.     Numerous questions of law and fact regarding the liability of Defendant are common to the Class and predominate over any individual issues

6

which may exist.   These common questions  include: 1) whether

Defendant engaged in a common course of failing to provide rest breaks to

its hourly employees; 2) whether Defendant engaged in a common course

of failing to provide meal breaks to its hourly employees; 3) whether

Defendant engaged in a common course of failing to properly compensate

its hourly employee for missed breaks; 4) whether Defendant engaged in a

common course of failing to maintain true and accurate time records for its

hourly employees; 5) whether Defendant violated Colorado state law; and

6) the nature and extent of class-wide injury and the measure of

compensation for each injury.

c.     Although the exact amount of damages may vary among Class Members,

the damages for the Class Members can be easily calculated by a simple

formula.  The claims of all Class Members arise from a common nucleus

of facts.  Liability is based on a systematic course of wrongful conduct by

Defendant that caused harm to all Class Members.

d.     The claims asserted by Plaintiff are typical of the claims of Class

Members and the Class is readily ascertainable from Defendant's records.

Plaintiff was subjected to the same rules and policies as all other workers

that form the basis of the alleged violation.  Defendant applied its policies

(or lack thereof) to Plaintiff just as it did with all Class Members.

Plaintiff's legal theories and claims are identical to those of Class

Members.  In particular, as described above, Plaintiff contends that Defendant engaged in a course of conduct vis-à-vis Plaintiff and other employees which violated Colorado's break laws.

e.     Plaintiff will fairly and adequately protect the interests of Class Members. The interests of Class Members are coincident with, and not antagonistic to, those of Plaintiff.  Plaintiff is committed to this action and has no conflict with the class members.  Furthermore, Plaintiff is represented by experienced class action counsel.

f.     Questions of fact common to the members of the class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## FIRST CLAIM FOR RELIEF
### (Violation of the Colorado Wage Claim Act, §8-4-101, *et seq*.)

15.     Plaintiff incorporates by reference all of the above paragraphs.

16.     At all material times, Defendant has been an "employer" within the meaning of the Colorado Wage Claim Act, §8-4-101, et seq.

17.     At all material times, Defendant has employed "employees," including Plaintiff and Class Members, within the meaning of the Colorado Wage Claim Act, §8-4-101, et seq.

18.     Defendant was Plaintiff's "employer" within the meaning of the Colorado Wage Claim Act, §8-4-101, et seq.

19.     As a result of the foregoing conduct, as alleged, Defendant has failed to pay wages due thereby violating, and continuing to violate, the Wage Claim Act.  These violations were committed knowingly, willfully and with reckless disregard of applicable law.

20.     As a result, Plaintiff has been damaged in an amount to be determined at trial. Plaintiff hereby demands payment on behalf of Plaintiff and all Class Members in an amount equal to all earned but unpaid straight time and overtime compensation.  This demand for payment is continuing and is made on behalf of any current employees of Defendant whose employment terminates at any time in the future.  Such payment should be made in care of undersigned counsel at the listed address.

## SECOND CLAIM FOR RELIEF
### (Violation of the Colorado Minimum Wage Act, §8-6-101, et seq.)

21.     Plaintiff incorporates by reference all of the above paragraphs.

22.     At all relevant times, Defendant has been, and continues to be, an "employer" within the meaning of the Colorado Minimum Wage Act.

23.     At all relevant times, Defendant has employed, and continues to employ, "employees", including Plaintiff, within the meaning of the Minimum Wage Act.

24.     Plaintiff was an employee of Defendant within the meaning of the Minimum Wage Act.

25.     As a result of the foregoing conduct, as alleged, Defendant has violated, and continues to violate, the Minimum Wage Act.  These violations were committed knowingly, willfully and with reckless disregard of applicable law.

26.     As a result, Plaintiff and Class Members have been damaged in an amount to be determined at trial.

### THIRD CLAIM FOR RELIEF
### (Civil Theft, C.R.S. §18-4-405)

27.     Plaintiff incorporates by reference all of the above paragraphs.

28.     At all relevant times, Defendant has been, and continues to be, an "employer" within the meaning of the Colorado Minimum Wage Act.

29.     At all relevant times, Defendant has employed, and continues to employ, "employees", including Plaintiff, within the meaning of the Minimum Wage Act.

30.     Plaintiff was an employee of Defendant within the meaning of the Minimum Wage Act.

31.     Defendant's failure to pay minimum wage under the Minimum Wage Act constitutes theft pursuant to C.R.S. §18-4-401. See C.R.S. §8-6-116.

32.     As a result, Defendant's failure to pay minimum wage constitutes civil theft pursuant to C.R.S. §18-4-405.

33.     As a result, Plaintiff and Class Members have been damaged in an amount to be determined at trial.

### JURY DEMAND

34.     Plaintiff demands a trial by jury as to all issues so triable.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against Defendant as follows:

1.      Determining that the action is properly maintained as a class action, certifying Plaintiff as the class representative, and appointing Plaintiff's counsel as counsel for Class Members;

2.      Ordering prompt notice of this litigation to all potential Class Members;

3.      Awarding Plaintiff and Class Members their compensatory damages, attorneys' fees and litigation expenses as provided by law;

4.      Awarding Plaintiff and Class Members their pre-judgment, post-judgment and moratory interest as provided by law;

5.      Awarding Plaintiff and Class Members treble damages and/or statutory penalties as provided by law; and

6.      Awarding Plaintiff and Class Members such other and further relief as the Court deems just and proper.

Respectfully submitted this 11th day of January, 2021.

*s/Brian D. Gonzales*

_____

Brian D. Gonzales
THE LAW OFFICES OF
BRIAN D. GONZALES, PLLC
2580 East Harmony Road, Suite 201
Fort Collins, Colorado 80528
Telephone: (970) 214-0562
BGonzales@ColoradoWageLaw.com

*Counsel for Plaintiff*

11

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 11th day of January, 2021, a true and correct copy of the foregoing **FIRST AMENDED CLASS ACTION COMPLAINT** was served electronically on all counsel of record.

*s/Brian D. Gonzales*

_____