IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 20-cv-03631-PAB-KMT

GABRIELLA GARITANO, individually and on behalf of all similarly situated persons,

    Plaintiff,

v.

CHICK-FIL-A, INC., a Georgia corporation,

    Defendant.
_____

**ORDER**
_____

    This matter is before the Court on plaintiff's Motion to Remand [Docket No. 19]. Defendant responded on January 20, 2021. Docket No. 29. Plaintiff asserts that defendant's removal was not timely and asks that the action be remanded to the District Court for El Paso County, Colorado, where it was originally filed. Docket No. 19 at 1–2.

    Plaintiff filed this class action complaint on October 25, 2020, Docket No. 1-1 at 1, and served defendant on October 30, 2020. Docket No. 1-6. Among other things, plaintiff alleges that defendant, who employed plaintiff, did not provide plaintiff and other non-exempt employees the required 10-minute rest period for every four hours of work and 30-minute meal break for a shift exceeding five hours, in violation of the Colorado Minimum Wage Act and the Colorado Wage Claim Act. Docket No. 1-2 at 1–2. Defendant filed an unopposed motion for an extension of time to respond to plaintiff's complaint by December 11, 2020, Docket No. 1-4, which the court granted. Docket No. 1-5. That day, defendant removed the action, claiming that the Court has

jurisdiction based on the Class Action Fairness Act ("CAFA"), codified in part at 28 U.S.C. §§ 1332(d), 1453(b). Docket No. 1 at 3. CAFA provides removal jurisdiction when the amount in controversy exceeds $5 million and the parties are minimally diverse, i.e., any member of the class of plaintiffs is a citizen of a different state than any defendant. 28 U.S.C. §§ 1332(d)(2)(A), (B).

Plaintiff argues that defendant's removal was untimely because, under 28 U.S.C. § 1446(b)(1), a defendant must remove a case to federal court within 30 days after service of the complaint. Docket 19 at 2 (citing *Hammond v. Stamps.com, Inc.*, 844 F.3d 909, 913 (10th Cir. 2016)). Plaintiff claims that this 30-day rule applies to actions brought under CAFA. *Id.* (citing *Countryman v. Farmers Ins. Exchange*, No. 10-cv-01075-REB-KMT, 2010 WL 4537091, at *1 (D. Colo. Nov. 3, 2010)). Therefore, because defendant filed its notice of removal 42 days after service, plaintiff argues removal was not timely and the matter should be remanded. *Id.*

In general, "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). Courts in this circuit have held that the 30-day removal period applies to cases removed under CAFA. *See, e.g.*, *Fun Servs. of Kan. City, Inc. v. Hertz Equip. Rental Corp.*, 2012 WL 2568177, *3 (D. Kan. 2012) ("Once the thirty-day time period in 28 U.S.C. § 1446(b) expires, any attempt at removal is untimely unless some change in the nature of the action creates a new basis for removal."); *Countryman v. Farmers Ins. Exch.*, 639 F.3d 1270, 1271 (10th Cir. 2011)

("within the thirty-day removal period, [d]efendants filed a joint notice of removal of the action to federal district court pursuant to the Class Action Fairness Act").

Nevertheless, there is an "escape hatch" to the 30-day deadline for removal. *Paros Props., LLC v. Colo. Cas. Ins. Co.*, 835 F.3d 1264, 1268 (10th Cir. 2016). Even though a case may not be initially removable, "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

Invoking the "escape hatch," defendant argues that, because plaintiff's state court complaint contained "no information whatsoever regarding the amount of damages [she] was seeking either on her own behalf or on behalf of the putative class," it was not clear that the case was removable until defendant understood, after calls with plaintiff's counsel on November 11 and 20, that plaintiff intends "to pursue a broad class," alleging that defendant is the actual employer of all hourly employees at all Chick-fil-A brand restaurants in Colorado.[1] Docket No. 29 at 3. After these calls, defendant "conducted an investigation on its own initiative" to determine whether removal might be proper. *Id.* Defendant states that it had to consult its business records to determine the number of hourly employees in Colorado and had to calculate the amount in controversy.[2] *Id.* at 4. Defendant insists that removal was proper outside

---

[1] Plaintiff's complaint defines the class as "all persons who worked as hourly employees for defendant in Colorado within the statute of limitations," Docket No. 1-1 at 3, and states that damages should be "determined at trial." *Id.* at 4, 5.

[2] Defendant states that there are 54 Chick-fil-A restaurants in Colorado, including 50 franchises, two "license" locations, and two locations operated by defendant. *Id.* at

3

of the traditional 30-day period because "the law is clear that [a defendant] may choose to conduct its own investigation," and "may properly remove to federal court under CAFA when and if the requirements for removal are satisfied." *Id.* at 11. In support of its argument that it is "not under any deadline to remove," defendant cites, among other cases, *Cutrone v. Mortgage Elec. Registration Sys.*, 749 F.3d 137, 144–46 (2d Cir. 2014). *Id.* at 11–12.

The Court agrees with defendant. "This circuit has been very strict in assessing whether grounds for removal are ascertainable." *Paros*, 835 F.3d at 1269. In *Paros*, a non-CAFA case, the Tenth Circuit explained that removal "require[s] a specific allegation that damages exceed the federal jurisdictional amount," for instance, where the complaint "allege[s] facts from which the [jurisdictional] amount may be easily derived through arithmetic." *Id.* at 1269 and n.4. The *Paros* court cited *Cutrone*, a CAFA case that defendant relies upon, as an example where removability was not unambiguous. *Id.* at n.4. In *Cutrone*, "[t]he named plaintiffs' identification of their damages ($6,835.20) and their allegation that the potential class 'includes hundreds, and likely thousands, of persons and entities,' were not adequate to trigger the 30-day removal periods." *Cutrone*, 749 F.3d at 139. The court held that the amount in controversy was not unambiguous and could not be derived easily through arithmetic. *Id.* at 145–46. Therefore, the 30-day clock did not begin to run when plaintiff filed his complaint. *Id.* at 146–48 ("If a complaint is vague, indeterminate, or otherwise fails to

---

4. Defendant further states that the two restaurants it operates employ approximately 60 employees each and that, even if only 30 employees work at each of the other 50 – or 52 – locations, the amount in controversy would exceed $5 million. *Id.* at 12–13.

convey these jurisdictional predicates, the removal clocks of 28 U.S.C. §§ 1446(b)(1) and (b)(3) are not triggered."). Rather, where the complaint does not reveal on its face that there is a sufficient basis for jurisdiction under CAFA, it is appropriate for a defendant to remove a case after it completes its own investigation. *Id.* at 146–47 (citing *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1123–24 (9th Cir. 2013)).

Courts will "not inquire into a defendant's subjective knowledge or what the defendant should have inferred from an investigation or a review of its files." *Paros*, 835 F.3d at 1270 (citing *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010) ("Requiring a defendant to read the complaint and guess the amount of damages that the plaintiff seeks will create uncertainty and risks increasing the time and money spent on litigation.")). This rule is consistent with other circuits. *Id.* at 1270–71 (collecting cases); *see, e.g.*, *Lovern v. Gen. Motors Corp.*, 121 F.3d 160, 162 (4th Cir. 1997) ("[W]e will not require courts to inquire into the subjective knowledge of the defendant, an inquiry that could degenerate into a mini-trial regarding who knew what and when . . . . [The grounds for removal must] be apparent within the four corners of the initial pleading or subsequent paper."); *Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 825 (7th Cir. 2013) (requiring "specific and unambiguous notice that the case satisfies federal jurisdictional requirements and therefore is removable. Assessing the timeliness of removal should not involve a fact-intensive inquiry about what the defendant subjectively knew or should have discovered through independent investigation.").

5

CAFA's minimal diversity is apparent from plaintiff's complaint. Docket No. 1-1 Thus, the only question is whether the complaint provides clear, unequivocal notice that the amount in controversy exceeds $5 million. Plaintiff's complaint defines the class as "all persons who worked as hourly employees for defendant in Colorado within the statute of limitations," Docket No. 1-1 at 3, and states that damages should be "determined at trial." *Id.* at 4, 5. Plaintiff does not include any indication of how many employees could be in this class or the amount that each employee is owed. Without factual allegations upon which to clearly determine the number of employees or the amount that each employee might claim, plaintiff's complaint does no more than suggest that the right to remove may exist. *See Chateau Vill. N. Condo. Ass'n v. Am. Family Mut. Ins. Co.*, No. 14-cv-01583-PAB-NYW, 2015 WL 1064627, at *2 (D. Colo. Mar. 9, 2015). Instead, plaintiff's complaint required "defendant to read the complaint and guess the amount of damages." *Moltner*, 624 F.3d at 38. The Court finds that the initial pleading in this case did not contain a clear and unequivocal basis for defendant to ascertain removability and did not trigger the 30-day clock of § 1446(b)(1). Therefore, defendant's removal was not untimely.

It is therefore

**ORDERED** that plaintiff's Motion for Remand [Docket No. 19] is **DENIED**.

DATED January 28, 2021.

                                                 BY THE COURT:

                                                 _____
                                                 PHILIP A. BRIMMER
                                                 Chief United States District Judge